**Corrected**

# In the United States Court of Federal Claims

No. 23-2162

Filed: December 29, 2023

| |
|---|
| **RACQUEL LEWIS,** |
| *Plaintiff,* |
| v. |
| **THE UNITED STATES,** |
| *Defendant.* |

### ORDER

      Pro se Plaintiff, Racquel Lewis, ("Ms. Lewis"),[1] brings a litany of claims, including religious discrimination, retaliation and defamation, constitutional violations, and harassment. (Compl. at 1–6, ECF No. 1). Ms. Lewis seeks $40 million in damages, injunctive relief, and to seal all her claims from the public. (*Id.* at 7). She also moved to proceed *in forma pauperis* ("IFP"). (Mot. to Proceed IFP, ECF No. 2). That motion is granted. In conducting its review of Ms. Lewis's Complaint and exhibits, the Court accepts her allegations of fact as true and draws all reasonable inferences in her favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, Ms. Lewis states no cause within the Court's jurisdiction. (*See generally* Compl.). Because Ms. Lewis fails to allege facts that establish this Court's jurisdiction or facts that plausibly entitle her to relief, her Complaint must be dismissed.

      The United States Court of Federal Claims is a specialty court, *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999), existing to provide an avenue for compensation for some claims against the United States. The Court has the authority to award money damages on claims founded upon the Constitution, acts of Congress, a regulation promulgated by an executive department, under express or implied contracts, or any claim for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1). Jurisdiction is a threshold inquiry in every case. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, the Court "may and should" review the question of its subject-matter jurisdiction on its own "at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). While the Court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys, *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987), even pro se plaintiffs "must persuade the

---

[1] Ms. Lewis lists her minor child as an additional plaintiff; presumably, the inclusion of *et al.*, in the Complaint refers to that child. (Compl. at 1–2, ECF No. 1). Because Ms. Lewis's claims substantively do not include that child, the Court declines to use *et al*.

Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

To successfully bring a claim in this Court the defendant must be—in all cases—the United States. 28 U.S.C. § 1491(a)(1); RCFC 10(a) (requiring that all complaints must designate the United States "as the party defendant."). Merely listing the United States in the caption, as Ms. Lewis has done, does not suffice to invoke the Court's subject-matter jurisdiction. (Compl. at 1); *Garner v. United States*, 85 Fed. Cl. 756, 773 (2009). Further, Ms. Lewis presents claims against a slew of federal and non-federal actors. (*See generally* Compl.). One such agency, identified by Ms. Lewis as "DHHS," is apparently a state child support agency. (*Id.* at 1–2). Likewise, Ms. Lewis claims an investigator of the DDCL, identified as the Department of Industrial Affairs, "coerced" her in an unspecified way. (*Id.* at 3). To the extent that such an agency exists, it is a state creation, not federal. *See* Div. of Indus. Affs., *Del. Dept. of Labor* (https://labor.delaware.gov/divisions/industrial-affairs/) (last accessed Dec. 28, 2023). Moreover, much of Ms. Lewis's Complaint specifically identifies acts by state or local actors, joined to federal actors by unsupported claims of federal involvement. (*See, e.g.*, Compl. at 2 ("U.S. failed to adhere to my privacy rights;" and "[a]gencies of the U.S. from different states worked together with dispatch, subsystem.")). To satisfy jurisdiction requirements, the allegations must directly involve federal entities or the United States' agents. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) ("[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Because Ms. Lewis's claims do not satisfy those requirements, the Court lacks jurisdiction. *See* 28 U.S.C. § 1491(a)(1).

Furthermore, claims brought in this Court must arise under a money-mandating constitutional provision, statute, or regulation. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). When read liberally, Ms. Lewis alleges a laundry list of claims that are not money-mandating, including religious discrimination, *Ayanuli v. United States*, 2018 WL 3486110 (July 19, 2018) (citing *Sanders v. United States,* 34 Fed. Cl. 75, 80 (1995)), Fifth and Fourteenth Amendment due process violations, *Spain v. United States*, 277 Fed. Appx. 988, 989 (Fed. Cir. 2008) ("it is well-settled that [the Due Process Clauses of the Fifth and Fourteenth Amendments] are not money-mandating."), and a Fourth Amendment violation, *Brown v. United* States, 105 F.3d 621, 623 (Fed. Cir. 1997). Similarly, Ms. Lewis allegations involving invasions of privacy—to the extent that they involve the Privacy Act, 5 U.S.C. § 552a—are not money mandating, and confer jurisdiction in the district courts. (Compl. at 3), *Frazier v. United States*, 683. Fed.Appx. 938, 940 (Fed. Cir. 2017) (statute contains no money-mandating provision); *Bias v. United States*, 722 Fed.Appx. 1009, 1014 (Fed. Cir. 2018) (jurisdiction improper in this Court). The Court lacks subject-matter jurisdiction over these claims.

Much of what remains in Ms. Lewis's Complaint sounds in tort. (*See generally* Compl. (listing retaliation, defamation, excessive tickets issued by law enforcement, interception of stored wire communications, hacking, unauthorized computer access, distorting evidence, bullying, and intimidation)). The Court lacks jurisdiction over tort claims. 28 U.S.C.

§ 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *not sounding in tort*.") (Emphasis added). Therefore, Ms. Lewis's tortious claims are not within this Court's specific jurisdiction.

Even if Ms. Lewis presented a cognizable claim within this Court's jurisdiction, her request for injunctive relief, (Compl. at 7), including an order sealing her records, is unavailable. Remedies generally available in many courts are not within the scope of the Court's authority absent specific statutory authority. *See, e.g.*, 28 U.S.C. § 1491(b)(2) (declaratory and injunctive relief available in certain government procurement cases).

Because Ms. Lewis has not identified a separate source of substantive law that creates the right to money damages, *Brooks v. United States*, 825 Fed. Appx. 745, 748 (Fed. Cir. 2020) (internal quotations omitted), and seeks relief unavailable to her in this Court, the Court dismisses her Complaint.[2]

Accordingly, Ms. Lewis's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). However, the motion for leave to proceed *in forma pauperis,* (ECF No. 2), is **GRANTED**. The Clerk's Office is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] The Court has considered transfer of her Complaint pursuant to 28 U.S.C. § 1631 but declines to do so. Under Section 1631, three conditions must be met: (1) the Court must lack jurisdiction; (2) the case could have been brought in the transferee court; and (3) transfer is in the interest of justice. *See Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). The Court has found that it lacks subject-matter jurisdiction over the underlying claims, but cannot, on the record before it, adequately determine an appropriate transferee court.